J-S54021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD STEVEN NEWMAN | |
| Appellant | No. 519 MDA 2014 |

Appeal from the PCRA Order March 12, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001895-2008
CP-36-CR-0001896-2008

BEFORE:  LAZARUS, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED SEPTEMBER 17, 2014**

Appellant, Richard Steven Newman, appeals from the March 12, 2014 order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Contemporaneously with this appeal, counsel has requested leave to withdraw in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny.  After careful review, we grant counsel leave to withdraw and affirm the order of the PCRA court.[1]

---

[1] The Commonwealth has indicated it will not be filing an appellate brief in this matter.

On February 26, 2010, Appellant pled guilty but mentally ill to stalking[2] at CP-36-CR-0001895-2008, and one count each of burglary and criminal attempt – homicide,[3] at CP-36-CR-0001896-2008. The PCRA court summarized the remaining facts and procedural history of this case as follows.

> Following a hearing on the record, the [trial c]ourt made a finding that [Appellant] was mentally ill pursuant to the Crimes Code definition and that he did not meet the definition of legal insanity. After conducting a colloquy with [Appellant], the [trial c]ourt accepted the guilty pleas. [Appellant] waived his right to a presentence investigation and immediately stood for sentencing. [On February 26, 2010, Appellant] received consecutive sentences on each count, resulting in an aggregate sentence of not less than 12 nor more than 44 years[' imprisonment].

> [Appellant] did not file a post-sentence motion or Notice of Appeal to the Superior Court of Pennsylvania. [Appellant] timely filed his [*pro se*] PCRA petition on January 18, 2011 and present counsel[, Vincent J. Quinn, Esquire (Attorney Quinn)], was appointed [on January 26, 2011]. [On November 2, 2012, Attorney Quinn] filed an Amended PCRA [petition] alleging that trial counsel[, Richard E. Meanix, Esquire (Attorney Meanix),] was ineffective for advising [Appellant] to waive his right to a presentence investigation and for failing to present Sandra McCloskey as a witness at sentencing. The waiver issue was denied without a hearing and the [PCRA c]ourt submitted a notice

---

[2] 18 Pa.C.S.A. § 2709.1.

[3] 18 Pa.C.S.A. §§ 3502 and 901.

pursuant to Pa.Crim.P 907 of its intent to dismiss without a hearing. A PCRA hearing was scheduled to develop the second issue. [Attorney Quinn] attempted to file a Second Amended PCRA [petition] alleging that [Attorney Meanix] was ineffective for failing to call [Appellant]'s son Michael Newman at sentencing; the [PCRA c]ourt denied that request because the sentencing transcript indicated that Michael Newman testified at [Appellant]'s sentencing.

An evidentiary hearing was held on January 22, 2014. At the hearing, the defense presented three witnesses, [Attorney] Meanix, [Appellant], and Sandra McCloskey. Attorney Meanix testified that he met with [Appellant] prior to sentencing and they discussed calling Ms. McCloskey as a witness; both desired that she testify at sentencing. Attorney Meanix attempted to contact Ms. McCloskey through [Appellant]'s son Jamie, who was acting as the contact within the family for character witnesses. Attorney Meanix testified that he only spoke to Ms. McCloskey on the day after sentencing. She informed him that she knew sentencing had been the prior day, but as there was the possibility of bad weather, she had assumed it would be rescheduled and did not attend. Attorney Meanix also testified that after [Appellant]'s son Jamie testified at sentencing, [Appellant]'s three other sons, including Michael, stood up and said that if they testified, their testimony would be the same.

[Appellant] testified that he had no contact with Ms. McCloskey and that he did not discuss contacting her with his son Jamie. Sandra McCloskey testified that she knew [Appellant] as a volunteer through her organization. Ms. McCloskey testified that [Appellant] was always dependable, consistent, pleasant, and overall a steady, good volunteer. She testified that prior to [Appellant]'s arrest, she knew him for about three years and would have testified on his behalf and as to his character at sentencing, but she was never asked. Upon questioning by the [PCRA c]ourt, Ms.

- 3 -

McCloskey testified that she submitted a character letter on behalf of [Appellant] for his sentencing for stalking in Chester County in 2007. Th[e PCRA c]ourt noted that it was aware of this character letter at the time of [Appellant]'s sentencing in this particular case.

PCRA Court Opinion, 3/12/14, at 1-3.

Following the evidentiary hearing, the PCRA court entered an order dismissing Appellant's amended PCRA petition on March 12, 2014. Attorney Quinn filed a timely notice of appeal on Appellant's behalf on March 20, 2014. On March 21, 2014, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b), within 21 days. Appellant filed a timely Rule 1925(b) statement on April 1, 2014. In lieu of a formal Rule 1925(a) opinion, the PCRA court filed a one-paragraph memorandum that same day, indicating that it was relying on the reasoning set forth in its prior March 12, 2014 opinion. *See* PCRA Court Memorandum, 4/1/14, at 1. Thereafter, on June 17, 2014, Attorney Quinn requested leave to withdraw in accordance with **Turner**/**Finley** and their progeny. Appellant did not file a response to Attorney Quinn's request to withdraw.

On appeal, Attorney Quinn raises the following issue on Appellant's behalf.

[1.] [Whether Appellant] was denied the effective assistance of counsel in that Attorney Meanix failed to call Sandra McCloskey as a witness at [Appellant's] sentencing hearing?

- 4 -

***Turner*/*Finley*** Brief at 3.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Id.*** In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011) (citation omitted). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." ***Id.***

Prior to considering Appellant's argument, we must review Attorney Quinn's request to withdraw from representation. In ***Commonwealth v. Pitts***, 981 A.2d 875 (Pa. 2009), our Supreme Court reiterated the level of review necessary to secure permission to withdraw from representation pursuant to ***Turner*/*Finley***. The ***Pitts*** Court stated the following requirements.

1)   A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2)   The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3)   The PC[R]A counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless[.]

*Id.* at 876 (citation omitted).

"Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

[W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of ***Turner/Finley***, the court - trial court or this Court - must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Id.* (internal citation omitted).

Herein, we conclude that Attorney Quinn's request to withdraw complied with the requirements of ***Turner/Finley***. Specifically, Attorney Quinn's ***Turner/Finley*** letter brief detailed the nature and extent of his review. In preparing said filing, Attorney Quinn addressed, *inter alia*,

Appellant's underlying claim that Attorney Meanix was ineffective for failing to call McCloskey as a character witness during Appellant's sentencing hearing, and determined that the issue lacked merit. Thereafter, Attorney Quinn explained why the PCRA court properly dismissed Appellant's amended PCRA petition. Finally, as discussed, Attorney Quinn served Appellant with a copy of his request to withdraw and advised Appellant that, if he was permitted to withdraw, Appellant had the right to proceed *pro se* or with privately retained counsel. Thus, we conclude that Attorney Quinn's request for leave to withdraw from representation satisfied the constraints of *Turner*/*Finley*. We must now conduct our own independent review as to whether Appellant's contention is without merit.

Instantly, the crux of Appellant's claim on appeal is that Attorney Meanix rendered ineffective assistance of counsel by failing to call Sandra McCloskey as a witness during Appellant's sentencing hearing. *Turner*/*Finley* Brief at 3. Appellant avers that McCloskey would have "testi[fied] as a character witness for [Appellant] attesting to his good deeds." *Id.*

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). A petitioner must establish "(1) the

underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) [A]ppellant was prejudiced by counsel's act or omission." ***Koehler***, ***supra*** at 132, *citing* ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987). "[C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." ***Koehler***, ***supra*** at 131 (citation omitted). Furthermore, "[i]f an appellant fails to prove by a preponderance of the evidence any of the *…* prongs, the Court need not address the remaining prongs of the test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 911 (Pa. Super. 2009), *appeal denied*, 990 A.2d 727 (Pa. 2010).

Upon careful review of the record, including Appellant's amended PCRA petition, counsel's ***Turner***/***Finley*** letter brief, and the applicable law, and in light of this Court's scope and standard of review, we discern no error on the part of the PCRA court in concluding that Appellant's ineffectiveness claim merits no relief. The record establishes that Appellant has failed to satisfy the first and third prongs of the aforementioned ineffectiveness test. ***See Koehler***, ***supra***.

Specifically, Appellant has failed to establish that his ineffectiveness claim is of "arguable merit[.]" ***Id.*** "A claim has arguable merit where the factual averments, if accurate, could establish cause for relief." ***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa. Super. 2013) (*en*

*banc*) (citation and quotation marks omitted), *appeal denied*, 93 A.3d 463 (Pa. 2014). Herein, Attorney Meanix testified at the January 22, 2014 evidentiary hearing, that he and Appellant discussed calling McCloskey as a witness, and that he attempted to contact her through Appellant's son, Jamie Newman, at Appellant's bequest. N.T., 1/22/14, at 6-7. Attorney Meanix explained that Jamie was "the contact within the family that was dealing with the character witnesses; in part, at [Appellant's] suggestion, in part, [his] own belief that character witnesses deal better with hearing from a family member or friend…[.]" *Id.* Attorney Meanix further noted that McCloskey telephoned him the day after the sentencing hearing, and informed him that she chose not to appear due to "bad weather," and inquired as to when the hearing would be rescheduled. *Id.* at 7-8. McCloskey, on the contrary, also testified at the evidentiary hearing and averred that she never spoke with Attorney Meanix and was never informed of the date of Appellant's sentencing hearing. *Id.* at 29.

The PCRA Court found Attorney Meanix's testimony credible, and elected not to believe McCloskey. PCRA Court Opinion, 3/12/14, at 4. Specifically, the PCRA court concluded that, "[McCloskey] was not credible as to her facts, not credible as to her responses to the [PCRA c]ourt and specifically not credible with regard to her testimony that she was never contacted or informed of the sentencing date." *Id.* Upon review, we conclude the certified record fully supports the PCRA court's credibility

determinations. When "[t]he PCRA court's credibility determinations[ are] supported by the record[ they] are binding on this Court." **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011) (citation omitted). Accordingly, Appellant's contention Attorney Meanix was ineffective for not calling McCloskey as a witness during the sentencing hearing lacks arguable merit.

Additionally, Appellant has also failed to establish that he suffered prejudice as a result of McCloskey's failure to testify. **Koehler**, **supra.** "To demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." **Commonwealth v. Michaud**, 70 A.3d 862, 867 (Pa. Super. 2013) (citation omitted). Instantly, the record reveals that McCloskey's failure to testify at the sentencing hearing did not have a prejudicial impact on Appellant, as the PCRA court acknowledged that it was fully aware of Appellant's volunteer work with McCloskey's organization at the time of Appellant's sentencing, as well as the character letter McCloskey submitted on the Appellant's behalf. **See** PCRA Court Opinion, 3/12/14, at 5. Our Supreme Court has long recognized that, "[i]f it is clear that [the petitioner] has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings [pursuant to the third prong of the **Pierce** test], the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs [of the test] have been met." **Commonwealth v. Rios**, 920 A.2d 790, 799 (Pa. 2007).

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing Appellant's amended PCRA petition. Accordingly, we affirm the PCRA court's March 12, 2014 order and grant Attorney Quinn's petition to withdraw.

Order affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/17/2014